1—That this stipulation is limited to the items marked "A" and initialed HNK (Examiner's Initials) by Examiner Henry N. Kimura (Examiner's Name) on the invoices covered by the appeals for reappraisement enumerated in Schedule "A" hereto attached and made a part hereof.

2—That as so limited, the merchandise and the issues are the same in all material respects as those the subject of *United States* v. *Gitkin Co.*, A.R.D. 132, and that the record in said case may be incorporated into the record herein.

3—That at the time of exportation of the merchandise involved herein, the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the appraised values, less the amounts described on the invoices under the heading "actual charges."

4—That on or about the said time of exportation, such or similar merchandise was not freely offered for sale to all purchasers in the country of exportation for home consumption.

5—The above-entitled appeals may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and are abandoned in all other respects.

On the agreed facts, I find export value, as defined in section 402 (d), Tariff Act of 1930, as it existed prior to the amendment thereof by the Customs Simplification Act of 1956, or as defined in section 402 (b) of said act, as so amended, according to the date of entry, or withdrawal from warehouse for consumption, of the involved merchandise, to be the proper basis for the determination of the value of the items described above and that such value, in the case of the said merchandise, was the appraised value, less the amounts described on the invoices under the heading "actual charges."

Judgment will issue accordingly.

(Reap. Dec. 10174)

UNITED STATES *v.* UNION LIQUOR CO.

Entry No. W-3920.

(Decided February 15, 1962)

*William H. Orrick, Jr.,* Assistant Attorney General, for the plaintiff.
*Wallace & Schwartz* for the defendant.

MOLLISON, Judge: The merchandise the subject of the above-enumerated appeal for reappraisement consists of glass and earthenware bottles containing wines, imported from Italy on or about October 30, 1959.

Counsel for the parties have submitted the case for decision upon stipulation, on the basis of which I find export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the values of the said merchandise and that such values are as shown on the special customs invoice attached to the papers, which values were used in appraising the merchandise.

Judgment will issue accordingly.